UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

THOMAS E. PEREZ, Secretary of Labor,                    :        Civil Action File
United States Department of Labor,
                                                        :        No.
                        Plaintiff,
            v.                                          :        COMPLAINT

GPK RESTAURANT ENTERPRISES CORP.,                       :
a Corporation d.b.a. SEVEN SEAS RESTAURANT; and
DEMETRIOS TSOLIS, Individually and                      **FILED**
as President; and                                       IN CLERK'S OFFICE
PETER TSOLIS, Individually and                          U S DISTRICT COURT E D N Y
as Vice President;
                                                        ★   NOV 1 8 2013   ★

                        Defendants                      LONG ISLAND OFFICE

-------------------------------------------------------------------

## CV-13 6405

Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,

brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as

amended, (29 U.S.C. §201, et seq.), ("the Act"), alleging that defendants violated sections 6, 7,

11(c), 15(a)(2) and 15(a)(5) of the Act.

I

Jurisdiction of this action is conferred upon the Court by Sections 16 and 17 of the

Act.

II

Defendant GPK RESTAURANT ENTERPRISES CORP. is a corporation duly organized

under the laws of New York having its principal office and place of business at 607 Northern

Boulevard, Great Neck, NY 11021, within the jurisdiction of this court, where defendants are

engaged in the restaurant business.

WEXLER, J.

BROWN, M. J.

III

Defendant corporation regulates the employment of all persons they employ, acts directly and indirectly in the corporation's interest in relation to the employees, and thus is an employer of the employees within the meaning of section 3(d) of the Act.

IV

Defendant DEMETRIOS TSOLIS, who is the president of GPK RESTAURANT ENTERPRISES CORP., in active control and management of defendant corporation, regulates the employment of persons employed by defendant corporation, acts directly and indirectly in the interest of defendant corporation in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

V

Defendant PETER TSOLIS, who is the vice president of GPK RESTAURANT ENTERPRISES CORP., in active control and management of defendant corporation, regulates the employment of persons employed by defendant corporation, acts directly and indirectly in the interest of defendant corporation in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

VI

The business activities of the defendants, as described, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the act.

VII

Defendants employ employees at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees

2

handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

## VIII

Defendants in many workweeks have willfully and repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act by employing employees at a rate less than those which are applicable under Section 6 of the Act. Therefore, defendants are liable for unpaid minimum wage compensation and an amount of liquidated damages pursuant to section 16(c) of the Act.

## IX

Defendants in many workweeks have willfully and repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act by employing many of their employees for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, defendants are liable for unpaid overtime compensation and an amount of liquidated damages pursuant to section 16(c) of the Act.

## X

Defendants in many workweeks have willfully and repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29

CFR Part 516; more specifically, the records kept by the defendants failed to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, and/or the total straight-time earnings for each workweek, with respect to many of their employees.

XI

Defendants since August 18, 2010 have willfully and repeatedly violated the provisions of the Act as alleged above.

WHEREFORE, cause having been shown, plaintiff prays for judgment against defendants providing the following relief:

(1)    For an injunction issued pursuant to Section 17 of the Act permanently restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from violating the provisions of sections  6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)    For an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wage and overtime compensation found due defendants' employees and prejudgment interest on the unpaid minimum wage and overtime compensation; and

(3)    For an Order pursuant to section 16(c) of the Act finding defendants liable for an amount of liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed on the attached Exhibit A and

4

(4)   For an order granting such other and further relief as may be necessary and appropriate.

DATED:      November 14, 2013
            New York, New York

M. PATRICIA SMITH
Solicitor of Labor

PATRICIA M. RODENHAUSEN
Regional Solicitor

HAROLD W. LeMAR
Senior Trial Attorney

U.S. Department of Labor,
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 646-264-3673

# EXHIBIT A

**GPK RESTAURANT ENTERPRISES CORP.**
**d.b.a. SEVEN SEAS RESTAURANT**

| First Name | Last Name |
|---|---|
| BENJAMIN | AMAYA |
| GEORGIOS | ANTONIOU |
| JAVIER | ARAVELO |
| GEORGE | BARTZIS |
| RUBEN | BIORATA |
| TONY CANDIDO | CAMPOS |
| JOHN | DIMITROU |
| BENEDICTO | DOE |
| GIOVANNI ANGEL | DOE |
| JAVIER | DOE |
| JOSE DAGOBERTO | DOE |
| JUAN FELIX | DOE |
| LUIS ALBERTO | DOE |
| MIGEL | DOE |
| OSCAR | DOE |
| SANTOS | DOE |
| MANUEL | GALVAN |
| JOSE | GARCIA |
| MARCO | GONZALEZ |
| JOSE | HEREDIA |
| WALTER | HEREDIA |

# EXHIBIT A

# EXHIBIT A

**GPK RESTAURANT ENTERPRISES CORP.**
**d.b.a. SEVEN SEAS RESTAURANT**

| First Name | Last Name |
|---|---|
| EVAGELOS ANGELO | KAPETANIOS |
| GAZMIR 'ALBANIA' | KERCUKI |
| JUAN SALVADOR | LEON |
| STYLIANOS | LOPARNOS |
| LAZARO | LUCERO |
| JUAN | NOVOA |
| WILLIAM | ORNELAS |
| MARTIN | RIVAS |
| NICOLAS | RIVERA |
| JOSE BERMUDEZ | RODRIGUEZ |
| JOSE | RODRIGUEZ RIVERA |
| ANDRES | RUIZ |
| CARLOS ROMERO | SALGADO |
| FELIPE | SANCHEZ |
| ORLANDO | SANTOS |
| GEORGIOS | THOMOPOULOS |
| JAIME | VANEGAS |
| GONZALO | VASQUEZ |
| RAUL | VASQUEZ |
| ESTEBAN | VENTURA |
| LUIS | VENTURA |
|  | - |

# EXHIBIT A