UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

---

THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor,

        Plaintiff,

v.

GPK RESTAURANT ENTERPRISES CORP.,
a Corporation d.b.a. SEVEN SEAS RESTAURANT; and
DEMETRIOS TSOLIS, Individually and
as President; and
PETER TSOLIS, Individually and
as Vice President;

        Defendants

---

Civil Action File
No. 13-CV-6405
LDW, GRB

CONSENT JUDGMENT

Plaintiff, the Secretary of Labor, has filed his Complaint and defendants GPK RESTAURANT ENTERPRISES CORP. d.b.a. SEVEN SEAS RESTAURANT and DEMETRIOS TSOLIS, individually and as President, and PETER TSOLIS, individually and as Vice President, waive their answer, and agree to the entry of this judgment. By executing this Consent Judgment, defendants waive formal service of process of the summons and complaint in this matter.

GPK RESTAURANT ENTERPRISES CORP. d.b.a. SEVEN SEAS RESTAURANT and DEMETRIOS TSOLIS, individually and as President, and PETER TSOLIS, individually and as Vice President, appeared by Counsel, acknowledge their responsibilities pursuant to this agreement. Defendants, without admitting or denying the allegations in the complaint, acknowledge that they may be subject to sanctions in contempt of this court if they fail to comply with the provisions of this Judgment. Defendants represent that they have been in compliance with the Fair Labor Standards Act since **August 21, 2013** and the Secretary relies on that representation.

It is, therefore, upon motion of the attorneys for plaintiff and for cause shown ORDERED that:

1. Defendants, their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2) Defendants shall not, contrary to section 7 of the Act, employ any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than the hours that are now, or which in the future become applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than time and one-half their regular hourly rates as prescribed by the Act.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

(4) Defendants shall not, contrary to Section 15(a)(3) of the Act, "....discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

II. Defendants shall pay liquidated damages in the amount of **$34,820.73** due certain employees set forth in Exhibit A. Payment of this amount will be made in the total amount by **November 15, 2013** which is in accordance with the amounts due and date set forth in Exhibit C.

All payments shall be in separate cashier or certified checks made payable to **"Wage and Hour Division - Labor" with "Case No. 1613483" written on the face of each check.**

The checks shall be sent to:

**U.S. Department of Labor/Wage & Hour Division
The Curtis Center, Suite 850, West
170 S. Independence Mall West
Philadelphia, PA 19106-3317**

On or before the dates indicated on Exhibit C, defendants shall send a copy of each of the checks to:

**U.S. Department of Labor/Wage & Hour Division
1400 Old Country Road, Suite 410
Westbury, New York 11590-5119
Attn: Diane Callan, Assistant Director**

III. GPK RESTAURANT ENTERPRISES CORP. d.b.a. SEVEN SEAS RESTAURANT and DEMETRIOS TSOLIS, individually and as President, and PETER TSOLIS, individually and as Vice President, are enjoined and restrained from withholding the payment of a total of **$69,763.35 ($69,641.03 in minimum wage and overtime compensation, plus $122.32 in interest)** due certain employees set forth in Exhibit B. Payment of this amount will be made in

the total amount by **October 15, 2014** which is in accordance with the amounts due and dates set forth in Exhibit C.

All payments shall be in separate cashier or certified checks made payable to **"Wage and Hour Division - Labor"** with **"Case No. 1613483" written on the face of each check.**

The checks shall be sent to:

> U.S. Department of Labor/Wage & Hour Division
> The Curtis Center, Suite 850, West
> 170 S. Independence Mall West
> Philadelphia, PA 19106-3317

On or before the dates indicated on Exhibit C, defendants shall send a copy of each of the checks to:

> U.S. Department of Labor/Wage & Hour Division
> 1400 Old Country Road, Suite 410
> Westbury, New York 11590-5119
> Attn: Diane Callan, Assistant Director

IV. Neither defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages, liquidated damages, or interest under this Judgment.

V. The plaintiff shall distribute the back wages, interest, and liquidated damages, less any legal deductions, along with a Form WH-58 to the current and former employees, or to their estates, as set forth in Exhibits A and B. Each Form WH-58 that is distributed to each current and former employee listed on Exhibit A will be accompanied with a postage-paid return envelope in which the employee can return to the U.S. Department of Labor the executed Form WH-58. Upon receipt of a signed Form WH-58 from each employee by the U.S. Department of Labor, the Department of Labor will forward such Form WH-58 to Defendants. Any sums not distributed to the employees or to their personal representatives, because of inability to locate the

4

proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042. A Consolidated Payment Schedule for Liquidated Damages, Back Wages, and Civil Money Penalties are found in Exhibit C.

VI. Defendants shall provide to plaintiff the social security numbers and last known addresses of the defendants' employees and former employees to be paid under this judgment to the extent Defendants possess such information.

VII. Defendants shall pay civil money penalties in the amount $15,943.62 ($15,708.00 in civil money penalties, plus $235.62 in interest) no later than May 15, 2015. Payments shall be made by separate cashier or certified check[s] made payable to "Wage and Hour Division - Labor" with "Civil Money Penalty – FLSA Case No. 1613483" written on the face of each check for $2,277.66. Payments of these amounts will be made in accordance with the amounts and due dates set forth in Exhibit C.

The certified check[s] shall be sent to:

U.S. Department of Labor/Wage Hour Division
The Curtis Center, Suite 850 West
170 S. Independence Mall West
Philadelphia, PA 19106-3317

On or before May 15, 2015, defendants shall send a copy of the check to Diane Callan, Assistant Director as set forth in paragraph II above.

VIII. If Defendants pre-pay the unpaid balance in its entirety, Defendants shall not be liable for the post-judgment interest remaining on the unpaid balance.

IX. A fifteen (15) calendar-day grace period shall be allowed for receipt of each payment. Except for the payments due on February 15, 2014 and February 15, 2015, in the event that the

U.S. Department of Labor does not receive any check by the thirtieth (30th) day of the month in which it is due, the Department's representatives shall notify Defendants of that fact by regular mail, with a copy to their counsel, George B. Pauta, Esq. With respect to the payments due on February 15, 2014 and February 15, 2015, in the event that the U.S. Department of Labor does not receive either of those checks by the second (2nd) day of the following month after which it is due (specifically March 2014 and March 2015 respectively), the Department's representatives shall notify Defendants of that fact by regular mail, with a copy to their counsel, George B. Pauta, Esq. If the U.S. Department of Labor does not receive payment within ten (10) calendar days of such notification, the entire unpaid balance shall become due immediately. If the Court deems it appropriate, the Court shall appoint an Auditor/Examiner from a list of names offered by the Secretary or may appoint another Auditor/Examiner at its discretion. No action or non-action by the Department shall constitute a waiver of this paragraph.

X. In the event an Auditor/Examiner is appointed, Defendants shall produce to the Court-appointed Auditor/Examiner all books and records and any other information the Auditor/Examiner requires to analyze Defendants' ability to pay the unpaid balance of the judgment. In addition, Defendants shall submit to a sworn accounting by an independent certified public accountant and/or the Auditor/Examiner, and shall testify, if the accountant or Auditor/Examiner so decides; and it is further

XI. ORDERED that all the expenses of the accountant or Auditor/Examiner shall be borne solely by Defendants; and it is further.

XII. ORDERED that if the Court appoints an Auditor/Examiner, the Auditor/Examiner shall serve until the payment of the monetary terms of this Judgment are satisfied; and it is further

XIII. ORDERED that the Auditor/Examiner shall have full authority to review all of Defendants' assets and liabilities and to file a written report with the Court assessing the Defendants' ability to pay the unpaid balance of the judgment. The written report shall also contain recommendations for recovering the unpaid balance which can include liquidating Defendants' assets.

XIV. Defendants shall post FLSA posters attached hereto as Exhibits D and E in the restaurant in a conspicuous location for Defendants' employees to review.

XV. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against defendant under section 16(b) of the Act for any violations alleged to have occurred on or after **August 21, 2013.**

XVI. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

**SO ORDERED:**

DATED: Dec 2, 2013
Central Islip, NY

s/ Leonard D. Wexler
UNITED STATES DISTRICT JUDGE

Defendants have appeared by counsel and
Consent to the entry of this Judgment.

GPK RESTAURANT ENTERPRISES CORP.
d.b.a. SEVEN SEAS RESTAURANT

BY: *[signature]*

*[signature]*
DEMETRIOS TSOLIS, ~~individually~~ and as President

*[signature]*
PETER TSOLIS, individually and as Vice President

*[signature]*
George Pauta, Esq.
Littler Mendelson
900 Third Avenue
New York, NY 10022-3298
Attorneys for the Defendants

8

STATE OF NEW YORK            )
                             : SS:
COUNTY OF NASSAU             )


On the 13th day of November 2013 before me personally appeared DEMETRIOS TSOLIS to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

                                          *Stephanie J Morano*
                                        NOTARY PUBLIC

Stephanie Morano
Notary Public, State of New York
01M06252202
Qualified in County of New York
Commission Expires, 12/05/2015

9

STATE OF NEW YORK        )
                         : SS:
COUNTY OF NASSAU         )

On the 13th day of November 2013 before me personally appeared PETER TSOLIS to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

Stephanie Morano
Notary Public, State of New York
01M06252202
Qualified in County of New York
Commission Expires, 12/05/2015

# EXHIBIT A

**GPK RESTAURANT ENTERPRISES CORP.**
**d.b.a. SEVEN SEAS RESTAURANT**
**CASE ID 1613483**

| First Name | Last Name | Liquidated Damages Due |
|---|---|---|
| BENJAMIN | AMAYA | $187.16 |
| GEORGIOS | ANTONIOU | $160.39 |
| JAVIER | ARAVELO | $214.78 |
| GEORGE | BARTZIS | $371.81 |
| RUBEN | BIORATA | $275.00 |
| TONY CANDIDO | CAMPOS | $296.12 |
| JOHN | DIMITROU | $98.42 |
| BENEDICTO | DOE | $22.43 |
| GIOVANNI ANGEL | DOE | $469.10 |
| JAVIER | DOE | $172.16 |
| JOSE DAGOBERTO | DOE | $100.91 |
| JUAN FELIX | DOE | $532.13 |
| LUIS ALBERTO | DOE | $1,194.57 |
| MIGEL | DOE | $132.19 |
| OSCAR | DOE | $57.28 |
| SANTOS | DOE | $88.38 |
| MANUEL | GALVAN | $2,674.91 |
| JOSE | GARCIA | $3,415.39 |
| MARCO | GONZALEZ | $979.15 |
| JOSE | HEREDIA | $504.74 |
| WALTER | HEREDIA | $543.40 |

EXHIBIT A

# EXHIBIT A

GPK RESTAURANT ENTERPRISES CORP.
d.b.a. SEVEN SEAS RESTAURANT
CASE ID 1613483

| First Name | Last Name | Liquidated Damages Due |
|---|---|---|
| EVAGELOS ANGELO | KAPETANIOS | $1,241.61 |
| GAZMIR 'ALBANIA' | KERCUKI | $371.81 |
| JUAN SALVADOR | LEON | $168.43 |
| STYLIANOS | LOPARNOS | $286.93 |
| LAZARO | LUCERO | $954.69 |
| JUAN | NOVOA | $3,097.44 |
| WILLIAM | ORNELAS | $13.80 |
| MARTIN | RIVAS | $396.58 |
| NICOLAS | RIVERA | $1,380.95 |
| JOSE BERMUDEZ | RODRIGUEZ | $450.66 |
| JOSE | RODRIGUEZ RIVERA | $1,131.38 |
| ANDRES | RUIZ | $2,656.60 |
| CARLOS ROMERO | SALGADO | $1,460.50 |
| FELIPE | SANCHEZ | $3,030.13 |
| ORLANDO | SANTOS | $567.73 |
| GEORGIOS | THOMOPOULOS | $186.94 |
| JAIME | VANEGAS | $182.26 |
| GONZALO | VASQUEZ | $699.44 |
| RAUL | VASQUEZ | $1,923.96 |
| ESTEBAN | VENTURA | $532.12 |
| LUIS | VENTURA | $1,596.35 |
| Totals | - | $34,820.73 |

# EXHIBIT A

# EXHIBIT B

**GPK RESTAURANT ENTERPRISES CORP.**
**d.b.a. SEVEN SEAS RESTAURANT**
**CASE ID 1613483**

| First Name | Last Name | Back Wages Due | Interest | Totals |
|---|---|---|---|---|
| BENJAMIN | AMAYA | $374.31 | $0.00 | $374.31 |
| GEORGIOS | ANTONIOU | $320.77 | $0.00 | $320.77 |
| JAVIER | ARAVELO | $429.56 | $0.00 | $429.56 |
| GEORGE | BARTZIS | $743.61 | $0.00 | $743.61 |
| RUBEN | BIORATA | $550.00 | $0.00 | $550.00 |
| TONY CANDIDO | CAMPOS | $592.23 | $0.00 | $592.23 |
| JOHN | DIMITROU | $196.84 | $0.00 | $196.84 |
| BENEDICTO | DOE | $44.85 | $0.00 | $44.85 |
| GIOVANNI ANGEL | DOE | $938.20 | $0.00 | $938.20 |
| JAVIER | DOE | $344.32 | $0.00 | $344.32 |
| JOSE DAGOBERTO | DOE | $201.81 | $0.00 | $201.81 |
| JUAN FELIX | DOE | $1,064.25 | $0.00 | $1,064.25 |
| LUIS ALBERTO | DOE | $2,389.12 | $0.00 | $2,389.12 |
| MIGEL | DOE | $264.38 | $0.00 | $264.38 |
| OSCAR | DOE | $114.55 | $0.00 | $114.55 |
| SANTOS | DOE | $176.76 | $0.00 | $176.76 |
| MANUEL | GALVAN | $5,349.80 | $0.00 | $5,349.80 |
| JOSE | GARCIA | $6,830.76 | $0.00 | $6,830.76 |
| MARCO | GONZALEZ | $1,958.29 | $0.00 | $1,958.29 |
| JOSE | HEREDIA | $1,009.47 | $0.00 | $1,009.47 |
| WALTER | HEREDIA | $1,086.79 | $0.00 | $1,086.79 |

# EXHIBIT B

# EXHIBIT B

GPK RESTAURANT ENTERPRISES CORP.
d.b.a. SEVEN SEAS RESTAURANT
CASE ID 1613483

| First Name | Last Name | Back Wages Due | Interest | Totals |
|---|---|---|---|---|
| EVAGELOS ANGELO | KAPETANIOS | $2,483.21 | $0.00 | $2,483.21 |
| GAZMIR 'ALBANIA' | KERCUKI | $743.61 | $0.00 | $743.61 |
| JUAN SALVADOR | LEON | $336.85 | $0.00 | $336.85 |
| STYLIANOS | LOPARNOS | $573.86 | $0.00 | $573.86 |
| LAZARO | LUCERO | $1,909.37 | $0.00 | $1,909.37 |
| JUAN | NOVOA | $6,194.85 | $0.00 | $6,194.85 |
| WILLIAM | ORNELAS | $27.55 | $0.00 | $27.55 |
| MARTIN | RIVAS | $793.15 | $0.00 | $793.15 |
| NICOLAS | RIVERA | $2,761.89 | $0.00 | $2,761.89 |
| JOSE BERMUDEZ | RODRIGUEZ | $901.31 | $0.00 | $901.31 |
| JOSE | RODRIGUEZ RIVERA | $2,262.75 | $0.00 | $2,262.75 |
| ANDRES | RUIZ | $5,313.17 | $4.99 | $5,318.16 |
| CARLOS ROMERO | SALGADO | $2,920.99 | $7.31 | $2,928.30 |
| FELIPE | SANCHEZ | $6,060.26 | $25.33 | $6,085.59 |
| ORLANDO | SANTOS | $1,135.45 | $6.41 | $1,141.86 |
| GEORGIOS | THOMOPOULOS | $373.87 | $2.18 | $376.05 |
| JAIME | VANEGAS | $364.51 | $2.13 | $366.64 |
| GONZALO | VASQUEZ | $1,398.88 | $8.82 | $1,407.70 |
| RAUL | VASQUEZ | $3,847.90 | $27.82 | $3,875.72 |
| ESTEBAN | VENTURA | $1,064.23 | $8.87 | $1,073.10 |
| LUIS | VENTURA | $3,192.70 | $28.46 | $3,221.16 |
| Totals | - | $69,641.03 | $122.32 | $69,763.35 |

# EXHIBIT B

# EXHIBIT C

GPK RESTAURANT ENTERPRISES CORP.
d.b.a. SEVEN SEAS RESTAURANT
CASE ID 1613483

## Payment Schedule

| Payment No. | Date Due | Total Amount Due |
|---|---|---|
| Down Payment* | 11/29/2013 | $34,820.73 |
| Down Payment** | 11/29/2013 | $45,179.27 |
| 1** | 12/15/2013 | $2,227.22 |
| 2** | 01/15/2014 | $2,230.24 |
| 3** | 02/15/2014 | $2,225.95 |
| 4** | 03/15/2014 | $2,244.29 |
| 5** | 04/15/2014 | $2,227.29 |
| 6** | 05/15/2014 | $2,231.12 |
| 7** | 06/15/2014 | $2,237.00 |
| 8** | 07/15/2014 | $2,250.11 |
| 9** | 08/15/2014 | $2,225.81 |
| 10** | 09/15/2014 | $2,259.44 |
| 11** | 10/15/2014 | $2,225.61 |
| Totals | - | $104,584.08 |
| 12*** | 11/15/2014 | $2,277.66 |
| 13*** | 12/15/2014 | $2,277.66 |
| 14*** | 01/15/2015 | $2,277.66 |
| 15*** | 02/15/2015 | $2,277.66 |
| 16*** | 03/15/2015 | $2,277.66 |
| 17*** | 04/15/2015 | $2,277.66 |
| 18*** | 05/15/2015 | $2,277.66 |
| Grand Total | - | $120,527.70 |
| *Liquidated Damages Payments | | |
| **Back Wages Payments | | |
| ***Civil Money Penalty Payments | | |

EXHIBIT C

# EXHIBIT D

# EMPLOYEE RIGHTS
## UNDER THE FAIR LABOR STANDARDS ACT

THE UNITED STATES DEPARTMENT OF LABOR WAGE AND HOUR DIVISION

## FEDERAL MINIMUM WAGE
## $7.25 PER HOUR
### BEGINNING JULY 24, 2009

**OVERTIME PAY** At least 1½ times your regular rate of pay for all hours worked over 40 in a workweek.

**CHILD LABOR** An employee must be at least 16 years old to work in most non-farm jobs and at least 18 to work in non-farm jobs declared hazardous by the Secretary of Labor.

Youths 14 and 15 years old may work outside school hours in various non-manufacturing, non-mining, non-hazardous jobs under the following conditions:

*No more than*
- 3 hours on a school day or 18 hours in a school week;
- 8 hours on a non-school day or 40 hours in a non-school week.

Also, work may not begin before 7 a.m. or end after 7 p.m., except from June 1 through Labor Day, when evening hours are extended to 9 p.m. Different rules apply in agricultural employment.

**TIP CREDIT** Employers of "tipped employees" must pay a cash wage of at least $2.13 per hour if they claim a tip credit against their minimum wage obligation. If an employee's tips combined with the employer's cash wage of at least $2.13 per hour do not equal the minimum hourly wage, the employer must make up the difference. Certain other conditions must also be met.

**ENFORCEMENT** The Department of Labor may recover back wages either administratively or through court action, for the employees that have been underpaid in violation of the law. Violations may result in civil or criminal action.

Employers may be assessed civil money penalties of up to $1,100 for each willful or repeated violation of the minimum wage or overtime pay provisions of the law and up to $11,000 for each employee who is the subject of a violation of the Act's child labor provisions. In addition, a civil money penalty of up to $50,000 may be assessed for each child labor violation that causes the death or serious injury of any minor employee, and such assessments may be doubled, up to $100,000, when the violations are determined to be willful or repeated. The law also prohibits discriminating against or discharging workers who file a complaint or participate in any proceeding under the Act.

**ADDITIONAL INFORMATION**
- Certain occupations and establishments are exempt from the minimum wage and/or overtime pay provisions.
- Special provisions apply to workers in American Samoa and the Commonwealth of the Northern Mariana Islands.
- Some state laws provide greater employee protections; employers must comply with both.
- The law requires employers to display this poster where employees can readily see it.
- Employees under 20 years of age may be paid $4.25 per hour during their first 90 consecutive calendar days of employment with an employer.
- Certain full-time students, student learners, apprentices, and workers with disabilities may be paid less than the minimum wage under special certificates issued by the Department of Labor.

For additional information:



**1-866-4-USWAGE**
(1-866-487-9243)  TTY: 1-877-889-5627

**WWW.WAGEHOUR.DOL.GOV**

U.S. Department of Labor | Wage and Hour Division

WHD Publication 1088 (Revised July 2009)

EXHIBIT E

# DERECHOS DEL EMPLEADO
## BAJO LA LEY DE NORMAS JUSTAS DE TRABAJO
SECCIÓN DE HORAS Y SUELDOS DEL DEPARTAMENTO DE TRABAJO DE EEUU

## SALARIO MÍNIMO FEDERAL
## $7.25 POR HORA
### A PARTIR DEL 24 DE JULIO DE 2009

**PAGO DE SOBRETIEMPO**
Por lo menos tiempo y medio (1½) de su tasa regular de pago por todas las horas trabajadas en exceso de 40 en una semana laboral.

**EMPLEO DE MENORES DE EDAD**
El empleado ha de tener por lo menos 16 años de edad para trabajar en la mayoría de los trabajos no agrícolas y por lo menos tener 18 años para trabajar en trabajos no agrícolas declarados arriesgados por el/la Secretario(a) de Trabajo.

Jóvenes de 14 y 15 años de edad pueden trabajar fuera de horas escolares en varios trabajos que no sean en fabricación, minería, o arriesgados, bajo las siguientes condiciones:

*No más de*
- 3 horas en un día escolar o 18 horas en una semana escolar;
- 8 horas en un día no escolar o 40 horas en una semana no escolar.

Además, el trabajo no puede empezar antes de las 7 de la mañana o terminar después de las 7 de la tarde salvo del primero de junio hasta el Día de Labor, cuando las horas de la tarde se extienden hasta las 9 de la noche. Se aplican reglas distintas al empleo agrícola.

**CRÉDITO POR PROPINAS**
Empresarios de empleados que reciben propinas han de pagar un salario en efectivo de por lo menos $2.13 por hora si declaran un crédito por propina contra sus obligaciones hacia el salario mínimo. Si las propinas del empleado combinadas con el salario en efectivo que paga el empresario de por lo menos $2.13 por hora no equivalen al salario mínimo por hora, el empresario ha de suplir la diferencia. También se tiene que cumplir con otras condiciones.

**CUMPLIMIENTO**
El Departamento de Trabajo puede recuperar salarios atrasados administrativamente o mediante acción legal en los tribunales, para empleados a los cuales se les haya pagado por debajo y en violación de la ley.

A los empresarios se los puede imponer penas pecuniarias civiles de hasta $1,100 por cada infracción intencional o repetida de las provisiones de la ley del pago del salario mínimo y del pago de sobretiempo y hasta $11,000 por cada empleado que sea empleado en violación de las provisiones de la ley sobre el empleo de menores. Adicionalmente, se puede imponer una pena pecuniaria civil de hasta $50,000 por cada infracción de las provisiones sobre el empleo de menores si causa la muerte o una lesión seria de un empleado menor de edad, y se pueden doblar dichas evaluaciones, hasta $100,000, cuando se determinan que las infracciones son intencionales o repetidas. La ley también prohíbe la discriminación o el despido del trabajador por haber presentado una denuncia o por participar en cualquier procedimiento bajo la Ley.

**INFORMACIÓN ADICIONAL**
- Ciertas ocupaciones y ciertos establecimientos están exentos de las provisiones de pago de salario mínimo y de sobretiempo.
- Se aplican provisiones especiales a trabajadores de Samoa Americana y de la Comunidad de las Islas Marianas del Norte.
- Algunas leyes estatales proveen más protecciones al empleado; el empresario ha de cumplir con ambas.
- La ley exige que los empresarios pongan este cartel donde los empleados lo puedan ver fácilmente.
- A los empleados menores de 20 años de edad se les puede pagar menos de $4.25 por hora durante los primeros 90 días civiles consecutivos de empleo con un empresario.
- Se les puede pagar menos del salario mínimo bajo ciertos certificados especiales emitidos por el Departamento de Trabajo a ciertos estudiantes de tiempo completo, estudiantes aprendices y a trabajadores con impedimentos.



Para información adicional:
**1-866-4-USWAGE**
(1-866-487-9243)   TTY: 1-877-889-5627
**WWW.WAGEHOUR.DOL.GOV**

U.S. Wage and Hour Division

U.S. Department of Labor | Wage and Hour Division

WHD 1088SPA Revised July 2009

**U.S. Department of Labor**  Office of the Solicitor
201 Varick Street
New York, New York 10014



Reply to the Attention of:  SOL:HWL
Tel. 646-264-3673

November 22, 2013

Hon. Leonard D. Wexler
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 25 2013 ★

LONG ISLAND OFFICE

Dear Judge Wexler:

Re: Secretary of Labor v. GPK RESTAURANT ENTERPRISES CORP. et al
    Civil Action Docket Number: 13 CV 6405 (LDW)(GRB)

Enclosed please find a courtesy copy of a proposed Consent Judgment filed electronically. If approved, we respectfully request the return of a conformed copy to this office in the enclosed self-addressed envelope provided.

Sincerely,

Patricia M. Rodenhausen
Regional Solicitor

BY: *[signature]*
Harold W. LeMar
Senior Trial Attorney

Enclosure